UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Delanne Walts )<br>    Plaintiff )<br> )<br>vs )<br> )<br> )<br>Asset Acceptance L.L.C. )<br>    Defendant )<br> ) | Case No. 12-cv-6884 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANT, ASSET ACCEPTANCE, LLC'S MOTION TO DISMISS

COMES NOW, Plaintiff, Delanne Walts, (hereinafter referred to as Plaintiff)

and respectfully asks the court to deny Defendant, Asset Acceptance L.L.C.'s motion to dismiss and

states as follows:

## INTRODUCTION

1. Plaintiff is Delanne Walts; Defendant is Asset Acceptance L.L.C., hereinafter (Asset).

2. Plaintiff filed suit against Defendant for violations of the FCRA on December 7, 2012.

3. Defendant filed a Motion to Dismiss in this case on January 18, 2013 pursuant to Rule 12(b)(6)
   of the Federal Rules of Civil Procedure.

4. This case stems from the actions of the Defendants in their efforts to collect an alleged debt purported to belong to Plaintiff and in doing so acquiring the Experian Credit reports of Plaintiff in August and November of 2009 and in January, March, July and December of 2010.

## STATEMENT OF FACTS

5. A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. To state a claim, the allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

6. Asset has claimed to have a permissible purpose by reason of 15 U.S.C. § 1681b(a)(3)(A) which reads:

    a. **any consumer reporting agency** may furnish a consumer report under the following circumstances and no other:  To a person which it has reason to believe...intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer;**...(emphasis added).

7. 15 U.S.C. § 1681b(a)(3)(A) refers to the **consumer reporting agency** and **its reason to believe** the person making the request for the consumer report *"intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer."* 15 U.S.C. § 1681b(a)(3)(A) **does not refer to an entity claiming to have a permissible purpose** when in truth it is not authorized to collect an alleged account on behalf of

the actual creditor or itself. It does not refer to a third party with whom there has never been any extension of credit, contractual obligation and or agreement with the consumer. It does not refer to any third party who has not provided any factual claim to having been "retained", "assigned" or by an actual creditor who may or may not have been involved with a "credit transaction" with the consumer. It does not refer to any third party which may or may not have purchased any alleged account from another party.

8.   Under 15 U.S.C. 1681b(a)(3)(A) the Credit Reporting Agency must have had certification from the **user**, (Asset) as to its intended **use** which must fall under the list of permissible purposes, before providing Plaintiff's credit report. Asset is making a conclusory claim that they had permissible purpose under the vague verbiage of "collection of an account" yet not a single action was ever made in an attempt to collect any alleged account from Plaintiff except a dunning letter to which Plaintiff demanded validation of the alleged debt. Asset responded with another Dunning letter. (*See* Dkt. #3-2 Exbt. C)  A dunning letter is not validation and was not the information Plaintiff demanded.

9.   If in fact Asset had any verified documentation to prove their authority to collect on ANY alleged account and therefore a legal permissible purpose to obtain Plaintiff's credit report, providing it to Plaintiff at the time of her demand could have settled the matter and avoided litigation. Asset chose not to comply with Plaintiff's clear demand.

10. Collectors often cite *Pintos v Pacific Creditors Association*, No. 04-17485 (April 30, 2009) by taking it out of context, generally by omitting the two most important words. The court held that debt collection does **not necessarily** constitute a permissible purpose under the FCRA to obtain a consumer's credit report... The majority's distinction in Pintos was between obtaining a credit

report in the process of collection of a judgment (permissible in the eyes of the majority), and obtaining a credit report in the collection of an account before there was a judgment (not permissible according to the majority). In its findings the court in Pintos also relied on (*Mone v. Dranow, 945 F.2d 306 (9th Cir. 1991)*... The court without discussion, concluded that the Defendant couldn't rely on 1681b(a)(3)(A) because it did not **USE** the credit information in connection with a credit transaction involving the consumer.) Asset did not **USE** the information it obtained in Plaintiff's credit report **AT ALL** including for any collection action with Plaintiff.

11. Under 15 U.S.C. § 1681e(a), the procedures for certification to the Credit Reporting Agency in regard to obtaining an individual's credit report are; "These procedures shall require that prospective **users** of the information identity themselves, **certify the purposes** for which the information is sought, and certify that the information will be used **for no other purpose**."

12. A good explanation of the required procedures under Section 607, [15 U.S.C. § 1681e, and the reason they are so often violated can be found here;

   a. http://fcralawyer.blogspot.com/2009/11/part-1-of-explanation-of-15-usc-1681e.html [This section requires the credit bureaus to have reasonable procedures to prevent impermissible accesses to consumers' credit reports. Unfortunately, the CRAs procedures are not that good. Other than the initial investigation of a new user before the CRA will start selling reports to it, the CRAs only require a "certification" that the user is getting the credit report for a permissible purpose. The problem is that the user can "certify" any reason it wants that is permissible whether it's really the reason why it's getting the credit report or not. Only after the user gets caught will the CRA be on notice that the user is not on the up and up, which then causes the last sentence of 1681e(a) to kick in.]

    b.  This could certainly explain why, when consumers dispute inquiries found on their credit reports to the credit reporting agencies the inquiries suddenly disappear from the credit report in question without explanation.

13. Plaintiff's complaint is a negative averment whereby it is the burden of the Defendant to prove they had a permissible purpose not on the Plaintiff to prove they didn't.

14. In regard to Defendant's statement that the definitions of "account" being related to a subsection of the FCRA and not relevant are weak and not established. There have been magistrate judges who failed to address the matter fully however to date there is no definitive case law on the intent of Congress in the inclusion of the clarification of the definitions at issue here nor the plain language used in relation to it pursuant to FACTA.

15. Plaintiff's claim is not solely brought under §1681b(a)(3)(A) as Defendant states in ¶17 of its motion to dismiss. In fact the clear language of §1681b(a)(3)(A) shows that it does not apply to collectors or junk debt buyers like Asset, it applies only to the Credit Reporting Bureaus.

16. The debt collection industry as a whole has demonstrated its untrustworthiness in countless ways as is evidenced by the number of class action suits filed by states and consumers in the last decade. As the call for action by consumers gains momentum even news outlets chime in on the outrage such as this CNN report on February 6, 2013, http://4closurefraud.org/2013/02/11/60-minutes-40-million-mistakes-is-your-credit-report-accurate/ and in this article from CNN Money, http://money.cnn.com/2013/02/06/pf/debt-collection/ and yet the courts continue to simply accept conclusory statements like those made by the Defendant in this case, supported by nothing authenticated and proven to be true as a "reason to believe" they had a permissible purpose under the law.

17. As the FTC[1] pointed out in January of this year, there is more than ample evidence and reason

    Congress should once again amend the statutes and it is yet to be seen as to when or whether they

    will, but one thing is clear; the debt collection industry is fraught with fraud and blatant

    violations of the law and will continue to be until either Congress forces a cleanup of the industry

    or consumers themselves put its feet to the fire. As long as the courts accept the "it is so because

    I say so" defenses of collectors/debt buyers instead of applying the clear language of the statues

    and the definitons clarified by FACTA, the abuse visited on consumers on a daily basis will

    remain the status quo. According to the FTC report:

    a.  "The FTC receives more consumer complaints about debt collectors, including debt buyers,

        than about any other single industry. Many of these complaints appear to have their origins in

        the quantity and quality of information that collectors have about debts. In its 2009 study, the

        Commission expressed concern that debt collectors, including debt buyers, may have

        insufficient or inaccurate information when they collect on debts, which may result in

        collectors seeking to recover from the wrong consumer or recover the wrong amount".

    b.  "...consumers filed 27,420 complaints that were coded in the Consumer Sentinel database as

        falsely represents character, amount, or status of debt".

    c.  The FTC used compulsory process to obtain extensive narratives and empirical data from

        nine large debt buyers.

    d.  "One other large debt buyer, Asset Acceptance, was under FTC investigation at the time the

        FTC issued its orders. The Commission has since entered into a settlement agreement with

---

[1] http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf

Asset *Acceptance. See United States v Asset Acceptance, LLC*, No. 8:12-cv-182 (M.D.Fla. Jan. 31, 2012)…)

18. A simple universal search on PACER reveals more than 800 suits filed against Asset Acceptance just since 2009 for violations of the consumer protection statutes, FCRA, FDCPA & TCPA. (See Exhibit "A" attached.) Plaintiff has every reason to believe she has been yet another victim of fraudulent invasion of her privacy by Asset and expects the discovery process will reveal the evidence to prove her allegations.

19. Plaintiff has made no admissions of any kind whatsoever as the Defendant claims in its motion to dismiss. Plaintiff contests all statements made by the Defendant except that she did send them written communication, they did obtain her credit report on multiple occasions and they did send her a dunning letter in reply to her communications.

20. To date Defendant has furnished no documented, verified proof that ANY credit transaction, alleged account, or purchased alleged account ever existed, much less that there was ANY which were in connection with Plaintiff. A mere claim of having alleged electronic data does not comprise authenticated fact.

21. Asset has not shown through any evidence on the court record that there was any possible legitimate business need or purpose that would allow them to obtain the Plaintiff's credit report under the FCRA at any time other than a dunning letter sent by an unknown individual who has not been shown to have firsthand personal knowledge of the facts. Such a statement is merely conclusory. *See **Leigh v Warner Bros., Inc.***, 212 F.3d 1210, 11th Cir, 2000[2]

---

[2] ***Leigh v Warner Bros., Inc.***, 212 F.3d 1210, 11th Cir, 2000, "This court has consistently held that conclusory allegations without supporting facts have no probative value"

22. To date, no evidence of a "legitimate transaction", proof of a contractual obligation or any other type of authentication of a "reasonable belief" Asset had a permissible purpose has been provided to Plaintiff or brought before the Court.

23. The allegations brought forth by Plaintiff of violation of the FCRA are based upon a lack of any evidence that could even remotely indicate a permissible purpose to obtain Plaintiff's credit report.

24. Mere alleged conclusory and hearsay statements are not enough to establish a "reason to believe" as a matter of law. *See Miller v Wolpoff & Abramson*[3]

## STANDARD OF REVIEW

25. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

---

[3] Miller v Abramson, LLP, 2d Cir., No. 02-7017, Feb. 25,2003 Defendants in the case indicate they reviewed no more than "*very limited information*" before collection action such as; "*Mr. Miller's full name, social security number, current address, telephone number and the Lord & Taylor account number, the amount of the debt and a notation that Mr. Miller was an attorney*". The Court held that the "*information reviewed would not enable a determination of whether Mr. Miller was in bankruptcy, whether information in the record was inconsistent or incomplete, whether Miller was or was not obligated to pay the debt, or whether Miller was the correct debtor.*"...... "*the information supplied was too insufficient to support the conclusion as a "matter of law*".... Judge Sotomayor stated; "*On this undeveloped record, however, it suffices for us to hold that merely being told by a client that a debt is overdue is not enough.*"

26. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests." Friends of Lake View School District v. Beebe, 578 F. 3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 W. Ct. 1937, 1950 (2009).

27. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89. 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely" Twombly, 550 U.S. at 556.

## ARGUMENT

28. In this case, Plaintiff alleged a cause of action for violations of the FCRA. The elements are:

   a. That Asset obtained Plaintiff's Experian Credit reports of Plaintiff in August and November of 2009, January, March, July and December of 2010.

   b. That there is no evidence before the court of any "credit transaction, reasonable expectation of a credit transaction or anticipation of same" with any entity whereby Defendant could claim a permissible purpose to obtain Plaintiff's credit report.

   c. That Plaintiff never gave her consent for the Defendant to obtain her credit report from any agency at any time.

29. Defendant has made nothing more than generic conclusory statements in regard to alleged permissible purposes in its motion without providing any factual information as to when and where any alleged account may have originated.

30. Asset claims permissible purpose pursuant to 15 U.S.C. § 1681b(a)(3)(A) and relies on a dunning letter (Id.) sent in response to Plaintiff's demand for debt validation. There is no fact evidence before the court or in the Plaintiff's possession which would support any such retention of Defendant by any creditor nor has Defendant ever attempted to provide any evidence of such when requested to do so by Plaintiff. *See LVNV Funding, L.L.C. v Mastaw* [4]

31. Defendant should not be allowed to make an unsubstantiated claim of the existence of an alleged account and expect the court to dismiss a well pled claim against it as a result.

32. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief that is plausible on its face, " *Bell Atlantic v Twombly*, 550 U.S. 544, 570 (2007). Plaintiff sufficiently alleged facts necessary to prove each element of her cause of action and the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff.

## CONCLUSION

33. Asset has neither presented a reasonable basis for a Bona Fide Error nor any fact evidence to support a "reason to believe" they had a permissible purpose pursuant to the FCRA.

34. Asset's motion to dismiss contains nothing more than conclusory statements having no substance in the absence of any verified fact evidence.

---

[4] LVNV Funding, L.L.C. v Mastaw  No. M2011-00990-COA-R3-CV - Filed April 30, 2012, TN Court of Appeals, *"these reports are calculated for use essentially in the court, not in the business. Their primary utility is in litigating, not in railroading."*

35. Plaintiff is not in receipt of nor is there anything in the record made, evidencing that there was in fact any legitimate alleged transaction which is Defendant's cornerstone argument in its argument for dismissal.

36. At no time has Plaintiff ever given Asset permission, written or otherwise to obtain her credit report nor has she EVER engaged in ANY business dealings with them, contractual or otherwise and there is no fact evidence on the record shown that Plaintiff had ANY "credit transaction" with ANY entity which could have afforded Asset permissible purpose to obtain her private information.

37. Because Plaintiff's factual allegations support a claim on which relief can be granted, the Court should deny Defendant's motion and retain the case on the Court's docket.


   WHEREFORE, because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff respectfully requests the Court deny the Defendant's Motion and allow Plaintiff's claim to move forward to trial on the merits. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the complaint.


   Respectfully submitted,


   Delanne Walts
   1503 Center Street
   Bethlehem, PA 18018

610-417-7248
delanne@environotics.com

# EXHIBIT "A"

# EXHBIT "A"

Last page of 16 pages of suits filed, shows more than 800 cases filed against Asset Acceptance for violations under the consumer protection statutes, FCRA, FDCPA & TCPA...

Previous 1 ... 12 13 14 15 16 Next

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 811 Asset Acceptance, LLC. (dft) | nysdce | 1:2010-cv-06899 | 480 | 09/14/2010 | 12/09/2010 |
| 812 Asset Acceptance, LLC. (dft) | ordce | 6:2009-cv-06287 | 890 | 10/19/2009 | 02/18/2010 |
| 813 Asset Acceptance, LLC. (dft) | ilndce | 1:2012-cv-04009 | 480 | 05/23/2012 | 11/15/2012 |
| 814 ASSET ACCEPTANCE, LLC. (dft) | insdce | 1:2009-cv-01012 | 890 | 08/18/2009 | 11/16/2009 |
| 815 ASSET ACCEPTANCE, LLC. (dft) | insdce | 1:2011-cv-01385 | 480 | 10/14/2011 | 12/22/2011 |
| 816 ASSET ACCEPTANCE, LLC. (dft) | insdce | 1:2012-cv-01313 | 480 | 09/14/2012 | 11/27/2012 |
| 817 ASSET ACCEPTANCE, LLC. (dft) | insdce | 1:2012-cv-01512 | 480 | 10/17/2012 | 01/08/2013 |
| 818 ASSET ACCEPTANCE, LLC. (dft) | insdce | 1:2012-cv-01515 | 480 | 10/17/2012 | 01/14/2013 |
| 819 Asset Acceptance, LLC. (dft) | ordce | 3:2011-cv-01491 | 890 | 12/09/2011 | 01/17/2012 |
| 820 Asset Acceptance, LLC. (dft) | ordce | 3:2011-cv-01546 | 890 | 12/27/2011 | |
| 821 Asset Acceptance, LLC. (dft) | tnedce | 3:2012-cv-00513 | 890 | 10/01/2012 | 12/14/2012 |
| 822 Asset Acceptance, LLC. (dft) | tnedce | 3:2012-cv-00514 | 890 | 10/01/2012 | 12/04/2012 |
| 823 Asset Acceptance, LLC. (dft) | vaedce | 3:2009-cv-00639 | 480 | 10/08/2009 | 09/14/2010 |

Previous 1 ... 12 13 14 15 16 Next

# AFFIDAVIT

NOW COMES the Affiant, Delanne Walts of Northampton County, Pennsylvania who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 12-cv-6884, Delanne Walts v. Asset Acceptance LLC:

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Asset Acceptance LLC is the owner of any alleged account of Delanne Walts.

2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Asset Acceptance LLC  acquired any alleged account of Delanne Walts.

3. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Asset Acceptance LLC acquired any interest in any alleged account of Delanne Walts.

4. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Asset Acceptance LLC was retained, assigned, or had any other lawful authority to collect any alleged account of Delanne Walts.

5. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any alleged account of Delanne Walts that originated with any entity where there is any balance due and owing that could be collected by Asset Acceptance LLC.

6. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any permissible purpose for the defendant and/or their counsel

in Case No. cv-6884 in the United States District Court for the Eastern District of Pennsylvania
Division to obtain the credit report of Delanne Walts

7. That Affiant/Plaintiff at no time gave permission Asset Acceptance LLC or its counsel to obtain her credit report.

SIGNATURE OF NOTARY ON NEXT PAGE

## NOTARY'S VERIFICATION

STATE OF PENNSYLVANIA

COUNTY OF NORTHAMPTON

On this day personally came before me the above-named Affiant, who proved his identity to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so fully understanding that he was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct.  I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Bethlehem, Pennsylvania

February 20, 2013

Delanne Walts

Name of Notary: Paul E. Rosko

Signature of Notary: _____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Paul E. Rosko, Notary Public
City of Bethlehem, Lehigh County
My Commission Expires Feb. 18, 2014
Member, Pennsylvania Association of Notaries

Seal

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DELANNE WALTS,                          )
Plaintiff,                              )
                                        )      Case No. 12-cv-6884-CDJ
v.                                      )
                                        )
ASSET ACCEPTANCE, LLC,                  )
Defendant.                              )
                                        )

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail
USPS to all parties listed below.


Dated: February 20, 2013

Delanne Walts
1503 Center St
Bethlehem PA
610-417-7248
delanne@bodyelectrician.com


Asset Acceptance, LLC                   Certified Mail No. 70112000000218319900
c/o **Ronald M. Metcho**
**Marshall Donnehey Warner Coleman & Goggin**
2000 Market St.
Suite 2300
Philadelphia, PA 19103